IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-14-123-C |
| ) | |
| PATRICIA CARTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant filed a motion requesting the Court to order Plaintiff to provide copies of mental health records for MM[1], a witness for the Plaintiff. Defendant alleges the Confrontation Clause of the Sixth Amendment and the Due Process clause of the Fifth Amendment require the Plaintiff to produce MM's mental health records. After reviewing the motion and the Plaintiff's response, the Court finds that neither the Due Process Clause nor the Confrontation Clause requires the Plaintiff to produce the records.

To begin, the Court must consider the nature of the records, whether they are subject to disclosure and, if so, under what conditions. As noted above, the records sought by Defendant are mental health records and thus the records are privileged. The Supreme Court recognized a privilege for communications between psychotherapists and their patients in Jaffee v. Redmond. 518 U.S. 1, 15 (1996). The Supreme Court held communications of that type are shielded from compelled disclosure pursuant to Fed. R. Evid. 501. Id. Because the

---

[1] To protect the witness's privacy, only her initials will be used in this Order. See 42 U.S.C. § 9501.

records are privileged, Defendant must provide a basis to overcome the privilege and permit their disclosure.

A. The Confrontation Clause of the Sixth Amendment

Defendant argues that receipt of the records is necessary to protect her Confrontation Clause rights under the Sixth Amendment. According to Defendant, the records are necessary for her use in impeaching MM and/or attacking her credibility. Defendant argues the Tenth Circuit recognized the need to disclose mental health records in United States v. Robinson, 583 F.3d 1265 (10th Cir. 2009). However, Robinson is not as broad as Defendant argues. Rather than determining disclosure was required, the Circuit in Robinson held the district court had erred in barring defendant from questioning the witness about the records or the witness's mental health. Id. at 1275.

The Tenth Circuit considered the issue of disclosure of mental health records in United States v. LaVallee, 439 F.3d 670 (10th Cir. 2006). In that case, the Tenth Circuit held a district court's denial of the defendants' motion to produce a key witness's psychiatric records did not violate the Confrontation Clause of the Sixth Amendment. Id. at 692. The defendants in LaVallee filed a motion for the production of the witness's psychiatric records to use as impeachment evidence on cross-examination. Id. Due to the privileged nature of the records, the district court denied the motion. Id. The Tenth Circuit noted that the "'right to confrontation is a *trial* right, designed to prevent improper restrictions on *the types of questions* that defense counsel may ask during cross-examination'" and that it "'only guarantees an opportunity for *effective* cross-examination, not cross-examination that is

2

effective in whatever way, and to whatever extent, the defense might wish.'" Id. (quoting Pennsylvania v. Ritchie, 480 U.S. 39, 51 (1987)) (emphasis added). The Circuit also noted the defendants had the opportunity to cross-examine the witness at trial, and the scope of questions on cross-examination was not limited. Id. Thus, the trial right to effective cross-examination guaranteed by the Confrontation Clause was satisfied without the trial court requiring production of the psychiatric records. LaVallee, 493 F.3d at 692.

Defendant's right to confrontation of witnesses against her pursuant to the Sixth Amendment will not be violated by denial of her request to order production of MM's mental health records. Defense counsel will still be able to cross-examine MM regarding her mental health at trial, and the Court will not place a limitation on the scope of questions on cross-examination. Therefore, Defendant's right to effective cross-examination remains intact without MM's mental health records.

B. The Due Process Clause of the Fifth Amendment

In the alternative, Defendant argues she is entitled to discovery of MM's mental health records under the Due Process Clause of the Fifth Amendment. According to Defendant, the mental health records are Brady[2] or Giglio[3] material.

In the criminal trial context, the Fifth Amendment protects a defendant's right to a fundamentally fair trial. To that end, where the government is in possession of material favorable to the accused, it must be disclosed. Brady, 373 U.S. at 87. Evidence which bears

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

[3] Giglio v. United States, 405 U.S. 150 (1972).

3

on a witness's credibility is material evidence under Brady. Giglio, 405 U.S. at 154. Because Plaintiff does not have possession of the records or knowledge of their contents, the records are not Brady material. In United States v. Redcorn, the Tenth Circuit recognized, that "where 'documents were never disclosed to the government and not in the government's possession, th[e] case would not appear to fall within the mandatory disclosure rule of Brady v. Maryland.'" United States v. Redcorn, 528 F.3d 727, 744 (10th Cir. 2008) (quoting United States v. Wilson, 798 F.2d 509, 514 (1st Cir. 1986)).

To the extent Defendant argues Plaintiff should be required to obtain the documents, to protect her rights, she again overstates the holding of Robinson, 583 F.3d at 1274. As noted above, the error in Robinson was not in refusing to produce the material but in barring its use in cross-examination of the witness. Here, the Plaintiff has given the defense the information in its possession regarding MM's mental health. The evidence reveals MM has had some mental health treatment, and the defense may cross-examine her to gain more information and potentially impeach her. Therefore, Defendant's due process rights will not be violated by the Court's refusal to mandate disclosure of MM's mental health records.

For the reasons set forth herein, Defendant Carter's Motion for Mental Health Records of MM (Dkt. No. 37) is DENIED.

IT IS SO ORDERED this 28th day of October, 2014.

*signature*

ROBIN J. CAUTHRON
United States District Judge